Kathryn J. Halford (CA State Bar No. 68141)
khalford@wkclegal.com
Elizabeth Rosenfeld (CA State Bar No. 106571)
erosenfeld@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiff Board of Trustees of the
Teamsters Miscellaneous Security Trust Fund

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND in their capacity as fiduciaries for the TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND, <br><br> Plaintiff, <br><br> vs. <br><br> ALLIED PROTECTION SERVICES, INC., a California corporation, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR BREACH OF CONTRACT, DAMAGES** <br><br> [29 U.S.C. §185] |

Plaintiffs allege as follows:

## JURISDICTION

1.     Jurisdiction is conferred upon this court under the Labor-Management Relations Act of 1947, as amended ("LMRA"), §301(a), 29 U.S.C. § 185(a).

1

**<u>VENUE</u>**

2  2. Venue is appropriate in the Central District of California as the place

3 where the Teamsters Miscellaneous Security Trust Fund ("TMSTF") is

4 administered, and where the contractual obligations alleged are herein to be

5 performed.

6

**<u>PARTIES</u>**

7  3. The Teamsters Miscellaneous Security Trust Fund ("TMSTF") is an

8 express trust which was established pursuant to collective bargaining agreements

9 between various employers and local unions affiliated with the International

10 Brotherhood of Teamsters ("IBT"), in industries affecting commerce.

11  4. The TMSTF was created and is maintained pursuant to section

12 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and is an "Employee Welfare

13 Benefit Plan" within the meaning and definition of ERISA section 3(1), 29 U.S.C.

14 § 1002(1).  It is a "multiemployer plan" within the meaning of sections 3(37)(A),

15 29 U.S.C. § 1002(37)(A), and Section 515 of ERISA, 29 U.S.C. § 1145 and is

16 subject to the provisions of Section 302(c)(5) of the LRMA, 29 U.S.C §186(c)(5).

17 The TMSTF is administered within the jurisdiction of this District.

18  5. Plaintiff, the Board of Trustees of the Teamsters Miscellaneous

19 Security Trust Fund ("Plaintiff" or "Board") is the Administrator of the TMSTF,

20 and its members are fiduciaries with respect to the TMSTF within the meaning of

21 ERISA §21(A), 29 U.S.C. § 1002(21)(A).

22  6. Plaintiff is informed and believes and thereon alleges that during all

23 times relevant herein, Defendant ALLIED PROTECTION SERVICES, INC., a

24 California corporation, ("ALLIED" or "Defendant") was and is a corporation

25 organized and existing under and by virtue of the laws of the state of California,

26 with its principal place of business in the County of Los Angeles, within the

27 jurisdiction of this district.

28

7.    This complaint is prosecuted pursuant to the LMRA § 301(a), 29 U.S.C. §185(a), to enforce the provision of the collective bargaining agreement against an employer engaged in an industry affecting commerce.

### FIRST CLAIM FOR RELIEF

(Breach of Contract)

8.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7, as fully set forth herein.

9.    At all times relevant herein, ALLIED has been bound to a written collective bargaining agreement ("Labor Agreement") with Local 986 of the International Brotherhood of Teamsters ("Union"), whereby ALLIED agreed to make contributions to the TMSTF on behalf of its employees performing work covered by the Labor Agreement. A true and correct copy of the Labor Agreement is attached hereto and incorporated herein as Exhibit "1." During all times relevant herein the Labor Agreement was in full force and effect.

10.    At the time ALLIED executed the Labor Agreement, ALLIED also executed a Trust Acceptance and Contract Data forms for the TMSTF whereby ALLIED became bound to the terms and conditions of the Agreements and Declarations of Trust establishing the TMSTF (the "Trust Agreements") and agreed to pay contributions at specified rates to the TMSTF on behalf of employees performing bargaining unit work.  A true and correct copy of the Trust Acceptance and Contract Data form executed by ALLIED is attached hereto and incorporated herein by this reference as Exhibit "2."  The Labor Agreement and Trust Agreement are collectively referred to as "Agreements."

11.    The Agreements require each employer to submit reports and pay contributions to the TMSTF on behalf of all covered employees on the first (1st) day of the month for work performed during the previous month. Reports and contributions are considered delinquent if not postmarked by the twentieth (20th) day of the month following the month in which the work was performed.

12.     At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the TMSTF as a result of nonpayment of contributions. The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the TMSTF by the nonpayment of contributions and/or failure of an employer to timely submit contributions to the TMSTF.  The Trust Agreements sets the amount assessed as and for liquidated damages, and not as a penalty, at twenty percent (20%) of the delinquent contributions, or twenty-five dollars ($25.00), whichever amount is greater.

13.     The Agreements further provide that, if an employer is delinquent with submission of reports and/or contributions, an employer must pay interest on the delinquent contributions at a specified rate, and any attorney fees and costs incurred by the TMSTF for collection and/or enforcement.

14.     At all times relevant herein, the Agreements have been in full force and effect.

15.     Plaintiff is informed and believes and upon that basis alleges that at all times relevant herein Defendant employed workers covered by the provisions of the Labor Agreement for whom contributions were required to be paid to the TMSTF.

16.     Defendant has failed to timely report and pay contributions at the rates required by the Agreements for the period of April, May, June, October and December 2018.

17.     As a result, Defendant's failure to timely report and pay contributions in the amount of $21,618.40 for the months of April, May, June, October and December 2018. The TMSTF assessed liquidated damages on the delinquent contributions, in accordance with the Agreements which amount remains due and owing.

18.    The amount currently assessed as and for liquidated damages, and not as a penalty, on delinquent contributions for the months of April, May, June, October and December 2018 is $4,323.70.

19.    As a result of Defendant's failure to timely pay the contributions owed for the months of April, May, June, October and December 2018, and in accordance with the terms of the Agreements, interest has accrued in the sum of $150.43 on the late paid contributions calculated from due date to date paid.

20.    Defendant breached its obligation under the Agreements by failing to timely pay liquidated damages, and accrued interest assessed upon delinquent contributions owed to the TMSTF.

21.    Because of Defendant's failure to timely pay liquidated damages and accrued interest assessed upon delinquent contributions owed to the TMSTF, it has been necessary for the TMSTF to engage the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.

22.    As a result of Defendant's breach of the Agreements, Plaintiff has been damaged in an amount equal to the assessed liquidated damages and interest, reasonable attorneys' fees and all costs incurred in enforcing the terms of the Agreements.

23.    Plaintiff has complied with all conditions precedent, if any, to be performed under the terms of the Agreements.

WHEREFORE, Plaintiff prays for judgment against Defendant, ALLIED PROTECTION SERVICES, INC., a California corporation as follows:

1.    For liquidated damages on late paid contributions in the amount of $4,323.70 for the months of April, May, June, October and December 2018;

2.    For payment of accrued interest calculated at the rate of ten percent (10%) per annum on the amount of the late paid contributions to the date of payment in the amount of $150.43;

1       3.     For reasonable attorneys' fees incurred in prosecuting this action;

2       4.     For costs of suit; and

3       5.     For such other relief as the court deems appropriate.

DATED:     January 14, 2019     Kathryn J. Halford
Elizabeth Rosenfeld
**WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD**

BY:   */s/ Kathryn J. Halford*
Kathryn J. Halford
Attorneys for Plaintiff
BOARD OF TRUSTEES OF THE
TEAMSTERS MISCELLANEOUS
SECURITY TRUST FUND in their
capacity as fiduciaries for the
TEAMSTERS MISCELLANEOUS
SECURITY TRUST FUND