UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-288 PA (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Board of Trustees of the Teamsters Miscellaneous Security Trust Fund v. Allied Protection Services, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Entry of Default Judgment ("Motion") filed by plaintiff Board of Trustees of the Teamsters Miscellaneous Security Trust Fund ("Plaintiff") against defendant Allied Protection Services, Inc. ("Defendant"). (Docket No. 17.) Defendant has not filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 15, 2019, is vacated, and the matter taken off calendar.

**I.      Background**

Plaintiff is the fiduciary for the Teamsters Miscellaneous Security Trust Fund, an employee welfare benefit plan. On January 14, 2019, Plaintiff filed a Complaint under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), alleging that Defendant violated a collective bargaining agreement ("Labor Agreement") and Trust Agreement by failing to pay the liquidated damages and interest incurred on delinquent contributions. Under the Labor Agreement and Trust Agreement, Defendant is required to pay contributions to all covered employees on the first day of the month for work performed the prior month. Contributions are considered delinquent when they are not postmarked by the 20th day of the month. In the event a contribution is delinquent, the Trust Agreement provides for payment of liquidated damages of 20% of the delinquent contribution or $25, whichever is greater. If a contribution is paid late, interest accrues "at the rate of ten (10) percent per annum on the amount of each Contribution from the date when payment was due to the date when payment is made." (Casillas Decl., Ex. 3 at 48–49.) The Trust Agreement also makes Defendant responsible for all costs of collection and actual attorney's fees incurred. Plaintiff alleges that Defendant made delinquent contributions in April, May, June, October, and December of 2018, incurring $4,323.70 in liquidated damages and $150.43 in interest, which Defendant has failed to pay. Plaintiff thus brings this action against Defendant for breach of contract.

Defendant, through its registered agent, was served with the Summons and Complaint on January 21, 2019. (Docket No. 9.) Defendant never responded to the Complaint or otherwise appeared

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-288 PA (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Board of Trustees of the Teamsters Miscellaneous Security Trust Fund v. Allied Protection Services, Inc. | | |

in this action, and default was entered by the Clerk pursuant to Federal Rule of Civil Procedure 55(a) on February 13, 2019. (Docket No. 11.) Plaintiff then filed this Motion. (Docket No. 17.)

**II.      Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are usually disfavored and cases should be decided on their merits whenever reasonably possible. Id. at 1472.

The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). However, allegations relating to the amount of damages must be proven through additional admissible evidence. See id.

**III.      Discussion**

     **A.      Compliance with Local Rule 55-1**

Local Rule 55-1 requires the party seeking default judgment to submit a declaration stating: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521 does not apply; and (5) that notice has been served, if required, on the defaulting party. Plaintiffs have complied with the applicable provisions of Local Rule 55-1.

     **B.      Eitel Factors**

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Motion. In light of the well-pleaded allegations in the Complaint and Defendant's failure to participate in this action, Plaintiff's interest in an efficient resolution of this case outweighs Defendant's interest in adjudication on the merits. See PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Accordingly, the Court finds that Plaintiff is entitled to a default judgment against Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-288 PA (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Board of Trustees of the Teamsters Miscellaneous Security Trust Fund v. Allied Protection Services, Inc. | | |

### C. Remedies

While allegations in the Complaint regarding liability are deemed admitted, allegations regarding damages are not. Geddes, 559 F.2d at 560. Rather, unliquidated damages must be supported by admissible evidence. Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 22, 89 L. Ed. 3, 11 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); see also Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093–94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence."). Pursuant to Local Rule 55-2, "[i]f the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations."

Here, Plaintiff seeks unpaid interest, liquidated damages, and an award of actual attorneys' fees and costs, which are all remedies specifically provided for in the Trust Agreement. According to the evidence provided by Plaintiff, in each month in which Defendant's contributions were delinquent, contributions totaled $4,323.68. Plaintiffs calculated the liquidated damages due for each month as $864.74, which is 20% of the delinquent contribution as provided for in the Trust Agreement. Thus, the total liquidated damages owed is $4,323.70. Additionally, using the formula provided in the Trust Agreement, the interest incurred for each month Defendant made a delinquent payment, April, May, June, October, and December of 2018, is $34.35, $28.43, $28.43, $29.61, and $29.61, respectively. Therefore, the Court finds Plaintiff is entitled to the requested unpaid interest and liquidated damages.

Plaintiff also requests actual attorneys' fees and costs of suit, which the Trust Agreement provides for when an employer has been found liable on any action brought for delinquent contributions. Plaintiff requests $4,380.00 in attorneys' fees and $599.50 in costs. In a declaration submitted by Plaintiff's counsel, counsel explains that the firm bills Plaintiff for collection matters at $250 per hour for attorneys and $100 per hour for legal assistants. The declaration includes a summary of all hours billed by Plaintiff's counsel on this matter, which amounts to 20.10 hours and $3,630.00 in attorneys' fees. Counsel added an additional $750.00 which she estimated she would incur while traveling to and participating in the hearing set for this Motion. Because this Court vacated the hearing, the Court only awards Plaintiff $3,630.00 in attorneys' fees. Counsel also explains that the costs incurred consists of the $400.00 filing fee, $135.00 in attorney service fees, and $64.50 in service of process fees. It is unclear from Plaintiff's motion and supporting declarations what the attorney service fees were incurred on. Plaintiff's counsel explains in her declaration that $67.50 was incurred in attorney service fees on January 24, 2019 and January 28, 2019, totaling $135.00. However, in the invoice attached to the declaration, there is simply an entry on January 31, 2019 for "Attorney Service," amounting to $199.50. Because the request for $135.00 in attorney service fees is not supported by the evidence submitted, the Court declines to award Plaintiff that cost. The Court awards Plaintiff the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-288 PA (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Board of Trustees of the Teamsters Miscellaneous Security Trust Fund v. Allied Protection Services, Inc. | | |

remaining requested costs, totaling $464.50, in accordance with the agreement reached between the parties.

### **Conclusion**

  In light of the foregoing, the Court grants in part Plaintiff's Motion for Entry of Default Judgment. Specifically, the Court awards Plaintiff $4,323.70 in liquidated damages, $150.43 in interest, $3,630.00 in attorneys' fees, and $464.50 in costs. The Court will enter a Judgment consistent with this Order.

  IT IS SO ORDERED.